**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 14-1544

_____

GE ZHANG, a/k/a Emily Zhang,

              Plaintiff - Appellant,

       v.

PROMONTORY INTERFINANCIAL NETWORK, LLC,

              Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Liam O'Grady, District
Judge.   (1:13-cv-01309-LO-JFA)

_____

Submitted: December 8, 2014          Decided: January 7, 2015

_____

Before WILKINSON and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas F. Hennessy, VIRGINIA EMPLOYMENT AND FAMILY LAW OFFICE,
Fairfax, Virginia, for Appellant.   Thomas S. Williamson, Jr.,
Eli K. Best, COVINGTON & BURLING LLP, Washington, D.C., for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ge Zhang (Zhang), an individual of Chinese national origin, appeals the district court's dismissal of her amended complaint. We affirm.

Zhang worked at Promontory Interfinancial Network, LLC (PIN) as a "Senior User Experience Consultant" for approximately four months. (J.A. 79). She was not employed directly by PIN, but worked there through PIN's contract with TrustedQA, a staffing and placement agency. Zhang was terminated by PIN on February 25, 2013.[1]

On March 18, 2013, Zhang filed a pro se complaint in Virginia state court against PIN and three of PIN's employees. The complaint stated causes of action for discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and Virginia state law claims of conspiracy and fraud. PIN removed the state court action to the United States District Court for the Eastern District of Virginia and moved to dismiss the complaint. On June 17, 2013, the district court granted Zhang's motion to voluntarily dismiss her complaint without prejudice.

---

[1] Following her termination, PIN paid Zhang one month of severance pay.

On October 17, 2013, with the help of counsel, Zhang filed a complaint against PIN in the United States District Court for the Eastern District of Virginia. In this complaint, Zhang pressed three causes of action: (1) retaliatory termination in violation of Title VII; (2) retaliatory termination in violation of 42 U.S.C. § 1981; and (3) tortious interference with contract. Of note, this complaint did not assert any claims for discrimination or harassment, nor did it assert any retaliation claim other than an alleged retaliatory termination following a mid-February 2013 complaint to PIN's Human Resources Director, a complaint lodged only after Zhang had been counseled about her conduct and told that PIN was not prepared to offer her permanent employment. PIN moved to dismiss this complaint, and, following a hearing, the district court dismissed the tortious interference claim with prejudice, but dismissed the retaliatory termination claims without prejudice, granting Zhang leave to amend these two claims within thirty days.

On February 14, 2014, just days after terminating her attorney, but within the thirty-day window set by the district court, Zhang filed a pro se amended complaint against PIN. The amended complaint contained five claims and a host of new factual allegations, many of which were inconsistent with factual allegations contained in Zhang's previous complaints. In addition to the retaliatory termination claims which the

district court allowed Zhang to amend, Zhang pressed three new claims: (1) national origin discrimination under Title VII; (2) national origin discrimination under § 1981; and (3) hostile work environment under Title VII.

On March 4, 2014, PIN moved to dismiss Zhang's amended complaint and moved to strike the new claims and allegations. Shortly thereafter, Zhang retained counsel, and such counsel sought leave to amend Zhang's amended complaint.[2]

On May 9, 2014, the district court held a hearing on PIN's motion to dismiss and Zhang's motion for leave to amend.[3] At the conclusion of the hearing, the district court granted the motion to dismiss, expressing understandable frustration that many of Zhang's new factual allegations were inconsistent with the allegations she had made in her previous complaints:

> I have bent over backwards to allow Ms. Zhang the opportunity to come forward with anything beyond pure speculation . . . and to demonstrate that there was retaliation or harassment.
>
> She was pro se when she started, then she had counsel. We went over it with counsel. And instead of counseling, which would have demonstrated that she did not have anything but pure speculation, she instead decides to perpetrate an outrageous fraud upon the court by adding what are inherently unbelievable

___

[2] Zhang's proposed second amended complaint contained essentially the same allegations of her first amended complaint.

[3] Also before the district court were motions for sanctions filed by the parties. These motions were denied by the district court, and these rulings are not challenged on appeal.

allegations to support claims which were implausible to begin with. And it's an affront to the court.

* * *

Ms. Zhang has attempted to perpetrate a fraud on the court. It's about as serious a matter as you are going to get in a courtroom. And I am going to grant the defendant's motion to dismiss the claims with prejudice in their entirety.

(J.A. 194-95).

On May 29, 2014, the district court entered a written order, which granted the motion to dismiss for the "reasons stated in open court" and as put forth in the order. (J.A. 196). In its order, the district court opined that the national origin discrimination claims and the hostile work environment claim were untimely because the district court only granted leave to amend the retaliatory termination claims and did not grant leave to add additional claims of discrimination. With respect to the retaliatory termination claims, the district court opined that Zhang's allegations were insufficient to establish a good faith belief that the practices she opposed were unlawful and discriminatory. In this regard, the district court was extremely troubled by Zhang's new, inconsistent allegations and the timing of these allegations. The district court further opined that Zhang failed to satisfactorily plead that her alleged protected activity was the but for cause of her termination.

Zhang appeals the district court's dismissal of her complaint. We have reviewed the parties' submissions, the district court's order, and the applicable law, and affirm substantially on the reasoning of the district court's order. Zhang v. Promontory Interfinancial Network, LLC, Civil Action No. 1:13-cv-01309 (E.D. Va. May 29, 2014). Like the district court, we are equally troubled by Zhang's untimely attempt to add new claims buttressed by material facts that are inconsistent with previous factual allegations, and conclude the district court correctly dismissed Zhang's amended complaint with prejudice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and oral argument would not aid the decisional process.

AFFIRMED